IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **HERSCHEL H. BAKER,** | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-261 (MTT) |
| **City of MILLEDGEVILLE, GEORGIA,** *et al.*, | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Plaintiff's response (Doc. 8) to the Court's Order denying his motion for leave to proceed in forma pauperis (Doc. 7), which the Court construes as a motion for reconsideration. (Docs. 2, 6). While it is unclear why the Plaintiff did not identify the fact that he was incarcerated in his two previous affidavits or use the prisoner IFP application form, the Plaintiff has now informed the Court that he is unable to pay court fees and costs because he has been incarcerated for nearly a year (Doc. 8).

Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the statements contained in a financial affidavit satisfy the requirement of poverty. *Martinez v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307. The Court is satisfied that the Plaintiff is unable to pay the

costs and fees associated with this lawsuit.  Accordingly, the Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**.

Because the Plaintiff is proceeding in forma pauperis, the Court is required to dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(b).  A complaint is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Because the Plaintiff is proceeding pro se, however, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

The Plaintiff brought his complaint for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.  Individual defendants are generally not proper defendants to these claims.  "'The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act.'"  *Hinson v. Clinch Cnty.*, 231 F.3d 821, 827 (11th Cir. 2000) (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991)).  Similarly, individuals cannot be held liable under the ADA's employment discrimination provision.  *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007).  Because the Plaintiff has named his employer as a Defendant, it is not necessary for him to name as Defendants any supervisory employees as agents of the employer.  *See Busby*, 931 F.2d at 772.  Accordingly, Defendants Jack Graham and Zeke Shinholster are **DISMISSED as parties to this action**.  The remaining claims will be allowed to proceed.

**SO ORDERED,** this 29th day of August, 2014.

                                              S/ Marc T. Treadwell
                                              MARC T. TREADWELL, JUDGE
                                              UNITED STATES DISTRICT COURT