IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **HERSCHEL H. BAKER,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-261 (MTT) |
| **City of MILLEDGEVILLE, GEORGIA,** *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is the Plaintiff's motion to appoint counsel. (Doc. 10). The Plaintiff brought his complaint for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.

There is no automatic right to appointed counsel in a Title VII case. *Hunter v. Dep't of Air Force Agency*, 846 F.2d 1314, 1317 (11th Cir. 1988). However, 42 U.S.C. § 2000e-5(f)(1) authorizes the appointment of counsel "in such circumstances as the Court may deem just," and pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." Nevertheless, "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *see also Hunter*, 846 F.2d at 1317 (stating that decision is within discretion of district court). Rather, "it is a privilege that is justified only by exceptional circumstances." *Wahl*, 773 F.2d at 1174. In exercising its discretion regarding whether to appoint counsel for an indigent party, "the district court typically considers, among other factors, the merits of the plaintiff's claim and whether the claim

is factually or legally so complex as to warrant the assistance of counsel." *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

The Plaintiff seeks the appointment of counsel because he is unable to afford representation. After careful consideration, the court finds that appointment of counsel is unwarranted because the claims are neither factually nor legally complex. *See Wahl*, 773 F.2d at 1174 (finding no exceptional circumstances where essential facts and legal doctrines were ascertainable without assistance of court-appointed counsel). This is a relatively straightforward employment discrimination case involving incidents particular to the Plaintiff. *Cf. Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (finding no exceptional circumstances where plaintiff's claims were based on incidents mostly witnessed by himself). Although Plaintiff has expressed concern about his financial condition, he has presented no evidence indicating that his efforts to secure counsel were unsuccessful. In light of the Plaintiff's prior filings, the Court finds the Plaintiff has the ability to understand the relevant substantive and procedural issues and is capable of representing himself adequately in this matter. Because the Plaintiff has not shown the existence of exceptional circumstances necessary to justify the appointment of counsel, the Plaintiff's motion to appoint counsel (Doc. 10) is **DENIED**.

**SO ORDERED**, this 16th day of September, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT